UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GREAVES, #427049,

                Plaintiff,

      -against-

SUFFOLK COUNTY POLICE, 7th PRECINCT,
OFFICERS and DETECTIVES,

                Defendants.
----------------------------------------------------------------X

**FILED**
**CLERK**
8/23/2018 4:39 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
18-CV-01987 (JMA)(SIL)

**AZRACK, District Judge:**

On April 2, 2018, incarcerated *pro se* plaintiff Thomas Greaves ("plaintiff") commenced this action against Suffolk County Police ("the SCPD"), the 7the Precinct, and unidentified "officers" and "detectives" ("unnamed individuals" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I.    BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges that, on February 16, 2018 at approximately 12:20 a.m.:[2]

> I was stopped in a M.V. and ripped through the passenger window and thrown to
> the ground face first, cuffed then repeatedly kicked in my face, arms, head, back,

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

chest and stomach. Then brought to the 7th precinct where I was denied medical attention and food or water. I was also denied bathroom use and peed on myself out of fear for my life. If my arrest photos are examined it will reveal the serious injuries.

(Compl. ¶ IV.) As a result, plaintiff claims to have suffered "[b]ruising all over my body, loose teeth, blurred vision, blood in my urine & feces, severe headaches, walk with a limp, severe pain all over my body." (Id. ¶ IV.A.) For relief, plaintiff seeks to recover "1 million dollars and an injunction to have all Suffolk County police to be trained on handling an arrestee without the unessary injuries that I sustained." (Id. at ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.  Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

3

secured by the Constitution and laws, shall be liable to the party injured . . . . 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely

4

because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Section 1983 Claims Against the SCPD and the 7th Precinct

Plaintiff names the SCPD and the 7th Precinct as defendants. However, both the SCPD and the 7th Precinct are non-suable entities because they are merely administrative arms of the municipality, Suffolk County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." See Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, plaintiff's claims against the SCPD and the 7th Precinct are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1). However, given plaintiff's *pro se* status, the Court considers next whether plaintiff has alleged a plausible Section 1983 claim when construed as against Suffolk County. For the reasons that follow, he has not.

#### a. Section 1983 Claim as Construed Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436

5

U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Suffolk County.

Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against the

SCPD and the 7th Precinct, such claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Section 1983 Claims Against the Unnamed Individuals

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although plaintiff may not now know the names of the individuals he seeks to sue, he has not referenced any particular individuals, nor has he provided any identifying information such that their identities could be ascertained. Thus, plaintiff has not alleged a viable § 1983 claim against any of these defendants. Given the absence of any allegations of conduct or inaction attributable to any particular individual, plaintiff's claims as alleged are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### D. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

7

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. In light of plaintiff's *pro se* status and in an abundance of caution, plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 18-CV-1987(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against any defendant(s) in the amended complaint. If plaintiff cannot identify the individual(s) he seeks to sue, he may name them as "John Doe" or "Jane Doe" and shall include sufficient information concerning conduct and/or inaction attributable to them as well as any identifying information he may have such that their identities may be ascertained. Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed as against the SCPD and the 7th Precinct for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claims against the unnamed individuals are sua sponte dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to allege a plausible claim for relief and with leave to file an amended complaint. Any amended complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this order, 18-CV-1987, and shall be filed within thirty (30) days from the date at the bottom of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is directed to mail a copy of this Order to plaintiff

**SO ORDERED.**

                                                  _____/s/ (JMA)_____
                                                  Joan M. Azrack
Dated:      August 23, 2018                     United States District Judge
               Central Islip, New York